The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Anthony HERRERA,
Defendant-Appellant.

No. 85CA0852.

Colorado Court of Appeals,
Div. II.

July 17, 1986.

Rehearing Denied Aug. 14, 1986.

Certiorari Denied Nov. 3, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colo. State Public Defender, Martin J. Gerra, III, Linda A. Perkins, Deputy State Public Defenders, Denver, for defendant-appellant.

VAN CISE, Judge.

Following a plea bargain, defendant, Anthony Herrera, pled guilty to second degree burglary of a business establishment committed on November 9, 1984, and to being an habitual criminal based upon prior convictions in 1982 for second degree burglary and in 1978 for menacing. Before sentencing, defendant filed two motions. One was for discovery of certain data pertaining to Denver metropolitan area plea bargaining policies and sentences received by similarly situated persons, and the other was for a proportionality review of the sentences imposed on similarly situated defendants in Denver and the surrounding counties.

On May 1, 1985, both motions were denied. Defendant was then sentenced to the Department of Corrections for a minimum of 25 and a maximum of 26 years. Contending that this sentence was not propor-

tionate to the crime for which he was convicted and, therefore, that his Eighth Amendment right against cruel and unusual punishment was violated, he appeals the sentence. We affirm.

The habitual criminal statute, § 16–13–101(1), C.R.S. (1985 Cum.Supp.), provides: "Every person convicted in this state of any felony for which the maximum penalty prescribed by law exceeds five years who, within ten years of the date of the commission of the said offense, has been twice previously convicted upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere, of a felony ... shall be adjudged an habitual criminal and shall be punished by confinement in a correctional facility for a term of not less than twenty-five years nor more than fifty years."

Our supreme court has consistently upheld the constitutionality of this statute against attack on cruel and unusual punishment grounds. *People v. Gutierrez*, 622 P.2d 547 (Colo.1981); *People v. Larson*, 194 Colo. 338, 572 P.2d 815 (1978).

Defendant, however, contends that, under *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), he was entitled to a proportionality review to assure that the punishment fits the crime and did not constitute cruel and unusual punishment. He argues that such a review would show that his 25 year sentence was unconstitutionally disproportionate. We do not agree.

*Solem v. Helm, supra,* involved a life sentence imposed without the possibility of parole. Based on that case, our supreme court held in *People v. Hernandez*, 686 P.2d 1325 (Colo.1984), that a sentencing court is "compelled to grant proportionality review when a life sentence is imposed under the Colorado habitual criminal statute." However, neither *Solem* nor *Hernandez* indicated that there was such a requirement in cases not involving death or life sentences.

Also, in *People v. Martinez*, 689 P.2d 653 (Colo.App.1984), on which certiorari was denied after *Hernandez* was announced, the situation concerned a life sentence in which the defendant had the possibility of being paroled. There, this court held that our habitual criminal statutes and sentences thereunder are not affected by the proportionality review requirement of *Solem v. Helm, supra,* and are not cruel and unusual punishment if the defendant may be paroled in the future. *See Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). The instant case concerns an enhanced term of years but not a life sentence with no possibility of parole; hence, the rationale in *Martinez* is dispositive.

Judgment affirmed.

SMITH and METZGER, JJ., concur.