The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael R. CABRAL, Defendant–Appellant.

No. 92CA0648.

Colorado Court of Appeals, Div. IV.

Oct. 21, 1993.

As Modified on Denial of Rehearing Feb. 3, 1994.

Certiorari Denied Aug. 15, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Matthew S. Holman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Betty A. Bass, Denver, for defendant-appellant.

Opinion by Judge CRISWELL.

Defendant, Michael R. Cabral, appeals from the life sentences imposed upon him after his conviction of three felonies and proof of his prior convictions of felonies on four separate occasions. We affirm.

Defendant was charged in four separate felony counts: possession of heroin and clorazepate in violation of § 18–18–105, C.R.S. (1986 Repl.Vol. 8B); possession of a dangerous weapon in violation of § 18–12–102(3), C.R.S. (1986 Repl.Vol. 8B); and possession of a firearm by a previous offender in violation of § 18–12–108, C.R.S. (1986 Repl.Vol. 8B). In addition, it was alleged that defendant was an habitual criminal by virtue of his having been convicted of four other felonies (three counts of second degree assault in 1983, first degree assault in 1975, simple robbery in 1973, and second degree burglary in 1971). At that time, a finding of habitual criminality under § 16–13–101(2), C.R.S. (1986 Repl.Vol. 8A) required the imposition of a sentence of imprisonment for life. Effective July 1, 1993, § 16–13–101(2), C.R.S. (1993 Cum.Supp.) provides for a sentence equal to four times the maximum of the presumptive range.

The jury returned guilty verdicts as to each of the substantive counts, except the alleged possession of clorazepate of which defendant was acquitted, and determined that he had, in fact, been convicted of each of the four prior felonies as alleged. The court thereupon imposed a life sentence upon defendant for each of the three offenses of which he was convicted, as required by § 16–13–101(2). However, the court ordered that the sentences imposed for the two gun offenses were to be served concurrently to each other, but were to be consecutive to the sentence imposed on the possession of heroin conviction.

■ A person sentenced to incarceration for life under § 16–13–101(2) (before its recent amendment) for a crime committed after July 1, 1990, must serve at least 40 years before that person becomes eligible for parole. Based upon this requirement and considering that § 17–22.5–101, C.R.S. (1986 Repl.Vol. 8A) requires the Department of Corrections to construe "separate sentences" to constitute "one continuous sentence" for incarceration and parole purposes, defendant notes that he will be required to serve at least 80 years before he will become eligible for parole. He argues, therefore, that the imposition of such sentences upon any individual under the pertinent recidivist statute is the legal and practical equivalent of the imposition of a sentence to life without parole. Hence, he asserts that, under Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), such circumstance requires that the sentencing court engage in an extended proportionality review of the sentences imposed, which the trial court here refused to do. We disagree.

■ We agree with defendant that, if the two consecutive life sentences must be considered as one for purposes of a proportionality review, such consecutive sentences imposed under the habitual criminal statute would be the equivalent of a life sentence without the possibility of parole. This conclusion is based on our recognition that such a sentence is imposed only in instances in which a defendant has been convicted of one or more felonies on three separate occasions prior to the commission of the crime charged,

and under Colorado law, it is normally true that no person can be convicted of any felony unless such person is at least 14 years of age. See § 19–2–806, C.R.S. (1993 Cum.Supp.). Hence, our conclusion that such consecutive sentences, if considered collectively as a single sentence, would be the equivalent of a life sentence without the possibility of parole does not depend upon this specific defendant's age or other individual characteristics, but would be equally applicable to any person receiving consecutive life sentences. Cf. Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836(1991); People v. Cisneros, 855 P.2d 822 (Colo.1993).

However, we do not agree that, for purposes of the proportionality review mandated by Solem v. Helm, supra, two or more consecutive sentences are to be considered as a single sentence. Rather, for several reasons, we conclude that each separate sentence, whether required to be served consecutively to or concurrently with any other sentence, is to be reviewed separately.

First, the Solem court made clear that, while the commission of other crimes is a factor that necessarily must be considered, the overriding issue in any proportionality review is whether the sentence imposed for the offense of which defendant has been convicted is constitutionally disproportionate. It would render the review process nearly impossible of rational accomplishment if the courts were required to determine whether the commission of multiple offenses, each of which might vary considerably in nature and, hence, in degree of seriousness, collectively warranted the imposition of the total of the various sentences imposed.

Solem itself recognized the difficulty of applying the Eighth Amendment guarantees to a claim of disproportionality, even in those instances in which only a single offense is being considered; that is why the Solem court developed the three-part test described in that opinion. If two or more consecutive sentences are to be considered as only a single sentence and the underlying offenses considered collectively, it would be virtually impossible to compare the sentence imposed for such crimes to other sentences imposed for other offenses within Colorado or to com-

pare that sentence to sentences in other states for *similar* offenses. The data available for the necessary comparison in such instances would be practically non-existent.

Second, unlike the imposition of a life sentence upon proof that a defendant is an habitual offender under § 16–13–101(2), which is mandatory and does not call upon the court to exercise any discretion, whether a sentence is to be served consecutive to another is a decision requiring the exercise of a sound judicial discretion. Section 18–1–408(3), C.R.S. (1986 Repl.Vol. 8B); *Qureshi v. District Court,* 727 P.2d 45 (Colo.1986) (consecutive sentences may be imposed even though offenses arise out of same criminal episode if they are not supported by identical evidence).

We recognize that the *Solem* principles are not limited to those sentences imposed because of a legislative mandate. Nevertheless, if, in imposing consecutive sentences, the sentencing court has already exercised its discretion in imposing the sentence, it may be presumed that that court has engaged in a consideration of the nature of the offenses similar to that required by an abbreviated proportionality review. *See Harmelin v. Michigan, supra; People v. Gaskins,* 825 P.2d 30 (Colo.1992). Because judicial discretion has been exercised in the first instance in such cases, there may be less need to require further review than might be true in the case of imposition of a mandatory life sentence.

For these reasons, therefore, we conclude that *Solem* does not require an extended proportionality review if the possibility of parole does not exist simply because the sentences imposed are to be served on a consecutive basis. *See People v. Bolton,* 859 P.2d 311 (Colo.App.1993). *But see People v. Huber,* 181 Cal.App.3d 601, 227 Cal.Rptr. 113 (1986).

This does not mean, of course, that a defendant may not challenge the imposition of consecutive sentences as an abuse of the sentencing court's discretion. However, defendant here makes no such assertion. The only error claimed is that the trial court refused to engage in an extended proportionality review.

■ Likewise, it does not mean that if, after a court engages in an abbreviated review of each sentence, it concludes that a serious question of disproportionality is presented, an extended review would be inappropriate. We hold simply that the imposition of consecutive sentences does not, by that fact alone, mandate such a review.

■ Although defendant, contrary to his assertion, is not entitled to an extended proportionality review, he is entitled to an abbreviated review. We have conducted such a review, and we conclude that none of the life sentences imposed by the trial court constitutes cruel and unusual punishment under the Eighth Amendment.

Prior to his conviction here, defendant had been previously convicted of first degree assault, second degree assault, second degree burglary, and simple robbery. One of his present convictions is for possession of heroin; the other two convictions result from his possession of a weapon that is unlawful for anyone to possess even though, as a previously convicted felon, it was unlawful for defendant to possess any firearm.

His conviction of possession of heroin, particularly in light of his previous convictions, is a sufficiently serious offense as to justify the imposition of a life sentence, even without considering the sentence that may be imposed for other offenses in this state or for similar offenses in other states.

Likewise, his possession of the unlawful weapon, considered in light of his criminal past, supports his life sentence.

We conclude, therefore, that the imposition of such sentences did not constitute a violation of the Eighth Amendment.

The sentence of the trial court is affirmed.

PLANK and RULAND, JJ., concur.