KONENKAMP, Justice
(concurring in result).
[¶ 72.] The question we face today is whether a sentence of five eight-year consecutive prison terms is unconstitutionally excessive for a defendant convicted of five counts of photographing a minor in an obscene act. With noncapital sentences, the United States Supreme Court uses a “narrow proportionality principle” that forbids punishment “grossly disproportionate” to the crime. Ewing v. California, 538 U.S. 11, 20, 23, 123 S.Ct. 1179, 1186, 155 L.Ed.2d 108 (2003) (O’Connor, J., concurring in the judgment) (quoting Harmelin v. Michigan, 501 U.S. 957, 996-97, 111 S.Ct. 2680, 2703, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in the judgment)).[21] We use the same analysis under the South Dakota Constitution. State v. Pugh, 2002 SD 16, ¶ 19, 640 N.W.2d 79, 84 (interpreting Article VI section 23 of the South Dakota Constitution).
[¶ 73.] In originally imposing sentence, the circuit court gave defendant ten years for each of his five convictions, with each sentence to be served consecutively, resulting in a total of fifty years in the penitentiary. We remanded the case to the eir-cuit court for a reduction. In reluctant compliance with our order, the judge reduced each of the five sentences by suspending two years on the ten years imposed for each conviction. Now defendant faces a forty-year prison term. He contends that this new sentence is also grossly disproportionate. In my view, the correct method for performing a proportionality analysis of consecutive sentences is not to examine them in aggregate, but to examine each one individually.
I.
[¶ 74.] In general, to ascertain whether a sentence is unconstitutionally excessive, we must first decide whether there is a threshold showing of gross disproportion-ality by comparing “the gravity of the offense [with] the harshness of the penalty.” Ewing, 538 U.S. at 28, 123 S.Ct. 1179, 155 L.Ed.2d 108; accord Harmelin, 501 U.S. at 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (Kennedy, J., concurring in part and concurring in the judgment). In performing this analysis, we must determine if the Legislature had a reasonable basis for concluding that the sentencing framework advanced the goals of South Dakota’s criminal justice system in any substantial way. See Ewing, 538 U.S. at 28, 123 S.Ct. at 1189, 155 L.Ed.2d 108 (quoting Solem v. Helm, 463 U.S. 277, 297, n. 22, 103 S.Ct. 3001, 3013, 77 L.Ed.2d 637 (1983)). Then, we consider whether the sentence of a particular defendant is grossly disproportionate to the crime committed. Id. A prison sentence is not grossly disproportionate if it furthers the State’s retributive and correctional goals reflecting “a rational legislative judgment, entitled to deference.” Id. at 30, 123 S.Ct. at 1190, 155 L.Ed.2d 108.
*74 [¶ 75.] One would be hard pressed to conclude that a legislative scheme creating a ten-year maximum sentence for photographing a child in an obscene act could ever be considered excessive. Certainly, the Legislature can “with reason conclude that the threat posed to the individual and society” from this activity, dangerous to the welfare of children, is bad enough to warrant deterrence and retribution through a ten-year prison term. See Harmelin, 501 U.S. at 1003, 111 S.Ct. at 2707, 115 L.Ed.2d 836 (Kennedy, J., concurring in part and concurring in the judgment). Child pornography is a pernicious societal affliction. It is nothing less than the vile depiction of abused, exploited children for lascivious purposes.
[¶ 76.] To quote the Supreme Court, “The legislative judgment, as well as the judgment found in relevant literature, is that the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child.” Osborne v. Ohio, 495 U.S. 103, 109, 110 S.Ct. 1691, 1696, 109 L.Ed.2d 98 (1990) (quoting New York v. Ferber, 458 U.S. 747, 756-58, 102 S.Ct. 3348, 3354, 73 L.Ed.2d 1113 (1982) (citations omitted)). Child pornography not only harms children in its production, but also “causes the child victims continuing harm by haunting the children in years to come.” Id. at 111, 110 S.Ct. at 1697 (citation omitted). Sentencing for these offenses should reflect the harm the child victims have suffered. United States v. Sherman, 268 F.3d 539, 547-48 (7th Cir.2001) (the children portrayed in pornography are the primary victims). In comparing the “gravity of the offense” to the “harshness of the penalty,” I conclude that the question of whether a ten-year maximum penalty for this kind of child exploitation is itself grossly disproportionate must be answered in the negative. Ewing, 538 U.S. at 28, 123 S.Ct. at 1179, 155 L.Ed.2d 108.
[¶ 77.] What must be decided next is whether the “stacking” of sentences creates an issue of gross disproportionality. Defendant committed five separate felonies by videotaping five separate minors. He cites no authority for the notion that he has a state or federal constitutional right to concurrent sentences for five separate crimes resulting from five separate acts. Nonetheless, for legitimate proportionality review, the question remains whether we should examine separately each sentence imposed or whether we should examine the cumulative sentences. We have no definitive guidance from the Supreme Court. Indeed, the Supreme Court’s diverse Eighth Amendment proportionality analy-ses “have not established a clear or consistent path for courts to follow.” Lockyer v. Andrade, 538 U.S. 63, 72, 123 S.Ct. 1166, 1173, 155 L.Ed.2d 144 (2003). In rejecting challenges to long prison sentences in Harmelin and Ewing, a majority of the Court could not agree in any single opinion. Until the Supreme Court adopts a more consistent approach, I would prefer to examine precedent on consecutive sentence analysis from those jurisdictions that have specifically considered the issue.
[¶ 78.] Several courts have concluded that a gross disproportionality review must be performed for each separate sentence, not the cumulative total. United States v. Schell, 692 F.2d 672 (10th Cir.1982), United States v. Aiello, 864 F.2d 257 (2d Cir.1988); Pearson v. Ramos, 237 F.3d 881 (7th Cir.2001); Close v. People, 48 P.3d 528 (Colo.2002). As the Supreme Court of Iowa wrote, “There is nothing cruel and unusual about punishing a person committing two crimes more severely than a person committing only one crime, which is the effect of consecutive sentencing.” State v. August, 589 N.W.2d 740, 744 (Iowa 1999) (emphasis in original). Likewise, the Arizona Supreme Court conclud *75 ed that “if the sentence for a particular offense is not disproportionately long, it does not become so merely because it is consecutive to another sentence for a separate offense or because the consecutive sentences are lengthy in aggregate.” Arizona v. Berger, 212 Ariz. 473, 134 P.3d 378 (Ariz 2006) (citation omitted) (mandatory consecutive sentences amounting to 200 years imprisonment for 20 counts of possession of child pornography was not cruel or unusual). I find these cases persuasive. Each sentence should be reviewed individually. Otherwise, proportionate sentences for separate crimes could always become potentially disproportionate only because the sentences are ordered to be served consecutively.[22]
[¶ 79.] The only question remaining, then, is whether, in this particular case, an eight-year sentence for each of defendant’s separate crimes is grossly disproportionate. On this point, I do not believe that these sentences meet the standard of the “exceedingly rare” and “extreme” case, in which the grossly disproportionate principle should be invoked. Lockyer v. Andrade, 538 U.S. 63, 73, 123 S.Ct. 1166, 1173-74, 155 L.Ed.2d 144 (2003). Defendant was producing child pornography for his personal use. In doing so, he filmed his daughter and her adolescent friends. Also, under the guise of dispensing “therapy,” he cornered two of the girls in his basement for hours in an effort to convince them to show him their breasts and to share erotic thoughts with him. These girls also reported that he exposed himself to them and touched them inappropriately. Considering all the circumstances, an eight year prison term for each offense, two years less than the maximum penalty, is not grossly disproportionate to the crimes he committed. Thus, with no finding of gross disproportionality our review ends.
II.
[¶ 80.] Aside from the question of proportionality, I must say, nonetheless, that the new sentences defendant received on remand strike me as problematic, considering that his videotapes are not the most serious type of child pornography, and he had no prior sex offense convictions, not to mention that most other child pornography offenders have received lesser sentences under the federal court guidelines, in the courts of other states, and in our own circuit courts. In its analysis, this Court compares cases where the offenders were also convicted of child rape and molestation. That is not the case here. Where I part with the dissenters, however, is in their insistence that defendant’s reduced prison terms must still be set aside as cruel and unusual. Once we conclude that a sentence is not grossly disproportionate, we must abjure the result we think more fitting and defer to the sentencing judge’s evaluation of the offender. Neither the South Dakota Constitution nor the Constitution of the United States authorizes us to dictate to sentencing courts what we believe to be an exactly proportionate sentence. Those questions must be left to the Legislature and to the circuit courts themselves.
[¶ 81.] In recent years, this Court has reviewed several child pornography convic *76 tions. These cases had sentences ranging from a brief jail term to a punishment of one hundred years in the penitentiary. In State v. McKinney, 2005 SD 74, 699 N.W.2d 460, the offender received one hundred years on twenty counts, but he was also convicted, in a related case, of first-degree rape, sexual contact with a child, and sexual exploitation of a minor. On the other hand, in State v. Martin, 2003 SD 153, 674 N.W.2d 291, the offender was convicted of thirty counts in two counties and faced a possible sentence of sixty years if all the sentences for the convictions were made consecutive. He received a concurrent total of forty-five days in jail and ten years probation. See also State v. Christensen, 2003 SD 64, 663 N.W.2d 691 (two counts of possession of child pornography: one year each to run concurrently). These sentences reflect a broad disparity.[23] It is true that Martin and Christensen were sentenced at a time when the maximum penalty for possession of child pornography was two years. But in neither case were the sentences for their multiple crimes ordered to be served consecutively.
[¶ 82.] Other than legislatively set maximum penalties and sex offender psychological evaluations, judges have little else to guide them in making sentencing decisions for these types of offenses. It would be helpful for the Legislature to give courts some additional guidance on sentencing offenders possessing numerous child pornography images. Considering the speed with which large numbers of these images can be downloaded from the Internet, consecutive sentences for each image could become astronomical. See United States v. Richardson, 238 F.3d 837 (7th Cir.2001) (possession of 70,000 images of child pornography downloaded from Internet). Without further legislative direction, conspicuous sentencing disparities for these cases will only persist. Child pornography will always generate an innate revulsion, but it is important that sentencing in these cases follow a logical methodology, so that the punishment fits the offense and the offender, and like offenses and offenders are punished similarly. State v. Bonner, 1998 SD 30, ¶ 13, 577 N.W.2d 575, 579. Unwarranted leniency and excessive punishment both generate disrespect for the law.
[¶ 83.] As an adjunct to the principles commonly used in deciding a proper sentence, I recommend that courts look at two additional determinants when assessing the seriousness of a child pornography offense: (1) the specific nature of the material and (2) the extent to which the offender is involved with that material.[24] In the first category, nature of the material, seriousness can range from lewd depictions of nudity, to indecent posing, to adult-child sexual interaction (e.g., rape, molestation), to depictions of sadism or bestiality. See, e.g., United States v. Richardson, 238 F.3d 837, 839 (7th Cir.2001) (pictures depicting “bondage and torture of children”). In the second category, extent of involvement, seriousness can range from simple possession, to trading or bartering, to commercial production and distribution. It stands to reason that the more depraved and invasive the abuse and the more involved the offender is with the material depicting *77 it, the greater the seriousness of the offense.
[¶ 84.] Under these criteria, defendant’s videotapes, though disgusting and reprehensible, do not fall into the most serious category of child pornography. Most of them depict surreptitious filming of minors engaging in ordinary bathroom and toilet activities. And, although defendant was himself creating and editing these videos, there was no evidence that he was circulating them in any manner. Accordingly, I stand by our earlier decision in the first appeal of this case to remand for resentencing. It was not so much a question whether defendant should be punished sternly as whether he should be punished in line with what other like offenders have received. Imposing the maximum prison terms for these crimes, as the circuit judge did in the first instance, violates the principle that only the most serious commissions of an offense deserve the most serious penalty. Bonner, 1998 SD 30 at ¶ 25, 577 N.W.2d at 583. On the other hand, as the circuit court recognized, there were additional considerations that still bear on the present reduced sentences, including the fact that defendant is the father of one of the girls he filmed, and his improper behavior with two of her friends indicates that he was trying to sexually exploit them, both physically and psychologically.

. Harmelin and Ewing confirm that only in "exceedingly rare” cases will a sentence of a term of years violate the Eighth Amendment’s prohibition on cruel and unusual punishment. Ewing, 538 U.S. at 22, 123 S.Ct. at 1185, 155 L.Ed.2d 108 (citation omitted).

. I am not suggesting that we should never consider the consecutive nature of sentences in a proportionality challenge. There may be times when such consideration would be appropriate. For example, consecutive sentences amounting to life in prison or for convictions on several offenses committed simultaneously may be such instances. In this case, however, defendant committed his offenses over a period of time with different victims, causing separate and distinct harm in each instance, and his prison terms do not add up to a life sentence.

. The same issue has been noted in federal sentencing decisions under the Sentencing Reform Act of 1984. Rick Gallagher, Downward Departures: Curing the Lenient Sentencing of Internet Child Pornographers and Statutory Rapists, 5 U.C. Davis J. Juv. L. & Pol'y 111 (Winter 2000).

. See Sentencing Advisory Panel, The Panel's Advice to the Court of Appeal on Offenses Involving Child Pornography (August 2002).