Opinions of the Colorado Supreme Court are available to the public and can be accessed through the Judicial Branch's homepage at http://www.courts.state.co.us. Opinions are also posted on the Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 22, 2017

**2017 CO 50**

**No. 13SC408, <u>People v. Rainer</u>—Life without parole—Juveniles—Eighth Amendment.**

The supreme court considers whether <u>Graham v. Florida</u>, 560 U.S. 48 (2010), and <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), apply to aggregate term-of-years sentences imposed on juvenile defendants convicted of multiple offenses. For reasons discussed at length in the lead companion case, <u>Lucero v. People</u>, 2017 CO 49, __ P.3d __, also announced today, the supreme court holds that <u>Graham</u> and <u>Miller</u> do not apply to aggregate term-of-years sentences imposed for multiple offenses. The supreme court therefore holds that <u>Graham</u> and <u>Miller</u> do not apply to Rainer's aggregate term-of-years sentence. Accordingly, the supreme court reverses the court of appeals.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

### 2017 CO 50

---

### Supreme Court Case No. 13SC408
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 10CA2414

---

#### Petitioner:

The People of the State of Colorado,

v.

#### Respondent:

Atorrus Leon Rainer.

---

### Judgment Reversed
*en banc*
May 22, 2017

---

**Attorneys for Petitioner:**
Cynthia H. Coffman, Attorney General
Rebecca A. Adams, Senior Assistant Attorney General
  *Denver, Colorado*

**Attorneys for Respondent:**
Lord Law Firm, LLC
Kathleen A. Lord
  *Denver, Colorado*

Ashley Ratliff Attorney at Law LLC
Ashley Ratliff
  *Denver, Colorado*

**Attorneys for Amicus Curiae Campaign for the Fair Sentencing of Youth:**
Colorado Juvenile Defender Center
Hannah Seigel Proff
  *Denver, Colorado*

**Attorney for Amicus Curiae Colorado Criminal Defense Bar:**
Philip A. Cherner
  *Denver, Colorado*

**Attorneys for Amicus Curiae Colorado Public Defender:**
Douglas K. Wilson, Public Defender
Ryann S. Hardman, Senior Deputy Public Defender
  *Denver, Colorado*

**Attorneys for Amici Curiae Juvenile Law Center, Colorado Juvenile Defender Center, Center for Children's Law and Policy, Coalition for Juvenile Justice, National Center for Youth Law, and Youth Law Center:**
Juvenile Law Center
Marsha Levick
  *Philadelphia, Pennsylvania*

Colorado Juvenile Defender Center
Hannah Seigel Proff
  *Denver, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.
**JUSTICE GABRIEL** does not participate.

¶1    In 2000, a jury convicted Atorrus Rainer of two counts of attempted first-degree murder, two counts of first-degree assault, one count of first-degree burglary, one count of aggravated robbery, and crime of violence. Rainer was seventeen at the time of the charged offenses, and he was charged and tried as an adult. Upon the jury's verdict, the trial court sentenced Rainer to forty-eight years for each attempted murder charge, thirty-two years for each assault charge, and thirty-two years each for the charges of burglary and aggravated robbery. The sentences for the two counts of attempted murder were subsequently ordered to run concurrently, as were the sentences for the two counts of assault, resulting in an aggregate sentence of 112 years in the custody of the Department of Corrections.

¶2    Following the U.S. Supreme Court's decision in <u>Graham v. Florida</u>, 560 U.S. 48 (2010), which categorically banned sentences of life without parole for juveniles who were not convicted of homicide, Rainer filed a motion with the district court arguing that his aggregate term-of-years sentence is the functional equivalent of life without parole and is therefore unconstitutional under <u>Graham</u>. The district court denied Rainer's motion. On appeal, the court of appeals reversed the district court, holding that, because Rainer will be eligible for parole at age seventy-five, and thus not eligible for parole within his expected natural lifetime, his sentence denies him a "meaningful opportunity to obtain release," and is unconstitutional under <u>Graham</u> and the subsequent case of <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012). <u>People v. Rainer</u> (<u>Rainer II</u>), 2013 COA 51, ¶ 38, __ P.3d __. The court concluded that Rainer must be resentenced

3

in a manner consistent with the principles announced in <u>Graham</u> and <u>Miller</u>. <u>Id.</u> at ¶¶ 81–82.

¶3     We granted certiorari and now reverse.  For reasons discussed at length in our lead companion case, <u>Lucero v. People</u>, 2017 CO 49, __ P.3d __, also announced today,[1] we hold that <u>Graham</u> and <u>Miller</u> do not apply to, and therefore do not invalidate, Rainer's aggregate term-of-years sentence.

## I.

¶4     In 2000, when he was seventeen, Rainer and a companion burglarized an apartment and stole a stereo.  During the burglary, Rainer shot one of the home's inhabitants four times and another inhabitant three times, leaving both in critical condition.  Rainer was charged and tried as an adult, and a jury convicted him of two counts of attempted first-degree murder, two counts of first-degree assault, one count of first-degree burglary, one count of aggravated robbery, and sentence-enhancement counts for crimes of violence.  Rainer was initially sentenced to a total of 224 years in the custody of the Department of Corrections.  On direct appeal, the court of appeals affirmed his convictions, but ordered that the two sentences for attempted murder and the two sentences for assault run concurrently rather than consecutively.  <u>See</u> <u>People v. Rainer</u>, No. 01CA1401, slip op. at 30–31 (Colo. App. Feb. 5, 2004).  On remand, Rainer's aggregate sentence was reduced to 112 years.

---

[1] We also decide <u>Armstrong v. People</u>, 2017 CO 51, __ P.3d __, and <u>Estrada-Huerta v. People</u>, 2017 CO 52, __ P.3d __.

¶5 In 2010, the U.S. Supreme Court decided <u>Graham v. Florida</u>, 560 U.S. 48 (2010), holding that the Eighth Amendment to the U.S. Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. Rainer subsequently filed a motion for post-conviction relief in district court pursuant to Rule 35(c)[2] of the Colorado Rules of Criminal Procedure, arguing, in pertinent part, that his aggregate sentence is unconstitutional under <u>Graham</u> because it is the functional equivalent of a sentence of life without parole and denies him a meaningful opportunity for release. The district court denied the motion.

¶6 Rainer appealed, and the court of appeals reversed the district court and vacated Rainer's sentence. <u>Rainer II</u>, ¶ 83. After first finding that <u>Graham</u> applies retroactively and Rainer's motion was timely and not successive, the court of appeals turned to the merits of Rainer's <u>Graham</u> claim. <u>Id.</u> at ¶¶ 13–35. The court noted that, according to statistics in the record from the Centers for Disease Control and Prevention, Rainer's life expectancy is between sixty-three and seventy-two years, but he will not be eligible for parole until he is seventy-five. <u>Id.</u> at ¶ 67. Citing what it found to be the "expansive language" and "broad nature" of <u>Graham</u>, the court concluded that the opinion's holding and reasoning apply to any sentence that "denies a juvenile offender any meaningful opportunity for release within his or her life expectancy" or fails to recognize that juveniles are more capable of change than adults. <u>Id.</u> at ¶¶ 72–73. The court then determined that Rainer's 112-year sentence, with parole eligibility at age

---

[2] Rule 35(c) of the Colorado Rules of Criminal Procedure allows a defendant to challenge a conviction or sentence on constitutional grounds. <u>See</u> Crim. P. 35(c)(2)(I).

seventy-five, is the "functional equivalent of life without parole," and, therefore, violates the Eighth Amendment under Graham and Miller. Id. at ¶¶ 67, 79. The court concluded that Rainer must be resentenced in a manner consistent with the principles announced in Graham and Miller. Id. at ¶¶ 81–82. In reaching its holding, the court of appeals also declared that Graham renders the Eighth Amendment proportionality analysis adopted by this court in Close v. People, 48 P.3d 528 (Colo. 2002), invalid as applied to juvenile nonhomicide offenders. Rainer II, ¶ 68.

¶7 We granted certiorari[3] and now reverse.

## II.

¶8 Rainer, like the defendant in our lead companion case, Lucero v. People, 2017 CO 49, __ P.3d __, was not sentenced to life without the possibility of parole. Instead, he was sentenced to consecutive terms of years for six separate convictions, enhanced as crimes of violence. As set forth in more detail in Lucero, we hold that Graham and Miller do not apply to, and therefore do not invalidate, Rainer's aggregate term-of-years sentence. Accordingly, we reverse the court of appeals.[4]

---

[3] We granted certiorari to review the following issues:

    1. Whether the court of appeals erred by extending Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012), to invalidate a consecutive term-of-years sentence imposed on a juvenile convicted of multiple offenses.

    2. Whether a conviction for attempted murder is a non-homicide offense within the meaning of Graham v. Florida, 560 U.S. 48 (2010).

[4] Because we conclude that Graham and Miller do not apply to aggregate term-of-years sentences, we need not address the question of whether attempted murder is a nonhomicide offense under those decisions.

6

**JUSTICE GABRIEL** does not participate.