Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us.  Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 22, 2017

**2017 CO 52**

**No. 14SC127, <u>Estrada-Huerta v. People</u>—Life without parole—Juveniles—Eighth Amendment.**

The supreme court considers whether <u>Graham v. Florida</u>, 560 U.S. 48 (2010), and <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), apply to aggregate term-of-years sentences imposed on juvenile defendants convicted of multiple offenses.  For reasons discussed at length in the lead companion case, <u>Lucero v. People</u>, 2017 CO 49, __ P.3d __, also announced today, the supreme court holds that <u>Graham</u> and <u>Miller</u> do not apply to aggregate term-of-years sentences imposed for multiple offenses.  The supreme court therefore holds that <u>Graham</u> and <u>Miller</u> do not apply to Estrada-Huerta's aggregate term-of-years sentence.  Accordingly, the supreme court affirms the court of appeals.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

### 2017 CO 52

**Supreme Court Case No. 14SC127**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 11CA1932

**Petitioner:**

Alejandro Estrada-Huerta,

v.

**Respondent:**

The People of the State of Colorado.

### Judgment Affirmed
*en banc*
May 22, 2017

**Attorneys for Petitioner:**
The Noble Law Firm, LLC
Antony Noble
Tara Jorfald
  *Lakewood, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
Joseph G. Michaels, Assistant Attorney General
  *Denver, Colorado*

**Attorney for Amicus Curiae Colorado Criminal Defense Bar:**
Philip A. Cherner
  *Denver, Colorado*

**Attorneys for Amici Curiae Juvenile Law Center, Colorado Juvenile Defender Center, Center for Children's Law and Policy, Coalition for Juvenile Justice, National Center for Youth Law, and Youth Law Center:**
Juvenile Law Center

Marsha Levick
  *Philadelphia, Pennsylvania*

Colorado Juvenile Defender Center
Kim Dvorchak
  *Denver, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.
**JUSTICE GABRIEL** concurs in the judgment.

¶1     In 2006, a jury convicted Alejandro Estrada-Huerta of second-degree kidnapping and sexual assault. Estrada-Huerta was seventeen at the time he was charged with the offenses, and he was tried as an adult. The trial court sentenced Estrada-Huerta to twenty-four years for the kidnapping conviction and sixteen years to life for each count of sexual assault. The sexual assault sentences were ordered to run concurrently with each other but consecutive to the kidnapping sentence, resulting in an aggregate sentence of forty years to life in the custody of the Department of Corrections.

¶2     Following the U.S. Supreme Court's decision in Graham v. Florida, 560 U.S. 48 (2010), which categorically banned sentences of life without parole for juveniles who were not convicted of homicide, Estrada-Huerta filed a motion with the district court arguing that his aggregate term-of-years sentence is the functional equivalent of life without parole and is therefore unconstitutional under Graham. The district court denied Estrada-Huerta's motion. On appeal, the court of appeals affirmed, concluding that, because Estrada-Huerta will be eligible for parole at age fifty-eight, he has a meaningful opportunity to obtain release, and his sentence thereby complies with Graham and the subsequent case of Miller v. Alabama, 132 S. Ct. 2455 (2012). People v. Estrada-Huerta (Estrada-Huerta II), No. 11CA1932, slip op. at 8 (Colo. App. Dec. 12, 2013).

¶3     We granted certiorari and now affirm the court of appeals, albeit on different grounds. For reasons discussed at length in our lead companion case, Lucero v. People,

2017 CO 49, __ P.3d __, also announced today,[1] we hold that <u>Graham</u> and <u>Miller</u> do not apply to, and therefore do not invalidate, Estrada-Huerta's aggregate term-of-years sentence.

## I.

¶4    In 2004, when he was seventeen, Estrada-Huerta and several companions forced a fifteen-year-old into a truck, drove elsewhere, and sexually assaulted her. They then forced the victim into another vehicle, where she was sexually assaulted again. Estrada-Huerta was charged with two counts of second-degree kidnapping, three counts of sexual assault, unlawful sexual contact, and false imprisonment, and he was prosecuted as an adult. The latter two counts were dropped before trial, and a jury found Estrada-Huerta guilty of the remaining counts of second-degree kidnapping and sexual assault. After several counts were merged, the trial court in 2006 sentenced him to twenty-four years for kidnapping and sixteen years to life for each of two counts of sexual assault, which were ordered to run concurrently with each other but consecutive to the kidnapping sentence. Thus, Estrada-Huerta received an aggregate sentence of forty years to life in the custody of the Department of Corrections. The court of appeals affirmed Estrada-Huerta's convictions and sentences on direct appeal. <u>People v. Estrada-Huerta</u>, No. 06CA1814 (Colo. App. Apr. 10, 2008).

¶5    In 2010, the U.S. Supreme Court decided <u>Graham v. Florida</u>, 560 U.S. 48 (2010), holding that the Eighth Amendment to the U.S. Constitution prohibits the imposition of

---

[1] We also decide <u>People v. Rainer</u>, 2017 CO 50, __ P.3d __, and <u>Armstrong v. People</u>, 2017 CO 51, __ P.3d __.

4

a life without parole sentence on a juvenile offender who did not commit homicide. Estrada-Huerta subsequently filed a motion for post-conviction relief in district court pursuant to Rule 35(c)[2] of the Colorado Rules of Criminal Procedure. In pertinent part, he argued that his aggregate sentence is unconstitutional under Graham because it is effectively a sentence of life without parole and denies him a meaningful opportunity for release. The district court denied the motion.

¶6    Estrada-Huerta appealed, and the court of appeals affirmed the district court. The court of appeals first declared that a juvenile offender's sentence violates Graham if that offender will not become eligible for parole within his or her expected lifetime. Estrada-Huerta II, slip op. at 3. The court then determined that Estrada-Huerta's life expectancy is 78.1 years, using a mortality table found in a statute which has since been repealed, see § 13-25-103, C.R.S. (2013) (repeal effective 2014). Estrada-Huerta II, slip op. at 4. Because he will be eligible for parole after serving forty years, when he is fifty-eight, the court found that Estrada-Huerta will be eligible for parole within his life expectancy. Id. The court thus concluded that Estrada-Huerta's sentence provides him with a meaningful opportunity to obtain release and does not violate Graham and Miller.

¶7    We granted certiorari[3] and now affirm the court of appeals, albeit on different grounds.

---

[2] Rule 35(c) of the Colorado Rules of Criminal Procedure allows a defendant to challenge a conviction or sentence on constitutional grounds. See Crim. P. 35(c)(2)(I).

[3] We granted certiorari to consider the following issue:

## II.

¶8    Estrada-Huerta, like the defendant in our lead companion case, <u>Lucero v. People</u>, 2017 CO 49, __ P.3d __, was not sentenced to life without the possibility of parole. Instead, he was sentenced to consecutive terms of years for three separate convictions. As set forth in more detail in <u>Lucero</u>, we hold that <u>Graham</u> and <u>Miller</u> do not apply to, and therefore do not invalidate, Estrada-Huerta's aggregate term-of-years sentence. Accordingly, we affirm the court of appeals.

**JUSTICE GABRIEL** concurs in the judgment.

---

Whether the court of appeals erred by extending <u>Graham v. Florida</u>, 560 U.S. 48 (2010), and <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), to invalidate a consecutive term-of-years sentence imposed on a juvenile convicted of multiple offenses.

JUSTICE GABRIEL, concurring in the judgment.

¶9       For the reasons set forth in my separate opinion in Lucero v. People, 2017 CO 49, ¶¶ 36–50, ___ P.3d ___ (Gabriel, J., concurring), I disagree with the majority's conclusion that the United States Supreme Court's opinions in Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012), are limited to cases in which a juvenile offender receives the "specific sentence" of life without parole ("LWOP").  Maj. op. ¶ 8.  I believe, instead, that Graham and Miller apply to de facto LWOP sentences.

¶10      I would further conclude, however, that on the record before us, Estrada-Huerta has not established that he, in fact, received a de facto LWOP sentence in this case.  Specifically, the record reflects that Estrada-Huerta will be eligible for parole at the age of fifty-eight, which is within his natural life expectancy.  Accordingly, under Graham, 560 U.S. at 75, the State has given Estrada-Huerta "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."

¶11      For these reasons, like the majority, I would affirm Estrada-Huerta's sentence, albeit on grounds different from those on which the majority relies.  Accordingly, I respectfully concur in the judgment reached by the majority but not in its analysis of the issue presented.

1