Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's homepage at
http://www.courts.state.co.us. Opinions are also posted on the
Colorado Bar Association's homepage at http://www.cobar.org.

ADVANCE SHEET HEADNOTE
May 22, 2017

## 2017 CO 51

**No. 13SC945, <u>Armstrong v. People</u>—Life without parole—Juveniles—Eighth Amendment.**

The supreme court considers whether <u>Graham v. Florida</u>, 560 U.S. 48 (2010), and <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), apply to aggregate term-of-years sentences imposed on juvenile defendants convicted of multiple offenses. For reasons discussed at length in the lead companion case, <u>Lucero v. People</u>, 2017 CO 49, __ P.3d __, also announced today, the supreme court holds that <u>Graham</u> and <u>Miller</u> do not apply to aggregate term-of-years sentences imposed for multiple offenses. The supreme court therefore holds that <u>Graham</u> and <u>Miller</u> do not apply to Armstrong's aggregate term-of-years sentence. Accordingly, the supreme court affirms the court of appeals.

**2017 CO 51**

**Supreme Court Case No. 13SC945**
*Certiorari to the Colorado Court of Appeals*
Court of Appeals Case No. 11CA2034

**Petitioner:**

Cheryl Armstrong,

v.

**Respondent:**

The People of the State of Colorado.

**Judgment Affirmed**
*en banc*
May 22, 2017

**Attorneys for Petitioner:**
MS&M Law Office
Nicole M. Mooney
  *Denver, Colorado*

**Attorneys for Respondent:**
Cynthia H. Coffman, Attorney General
Patricia R. Van Horn, Senior Assistant Attorney General
Joseph G. Michaels, Assistant Attorney General
  *Denver, Colorado*

**Attorney for Amicus Curiae Colorado Criminal Defense Bar:**
Philip A. Cherner
  *Denver, Colorado*

**Attorneys for Amici Curiae Juvenile Law Center, Colorado Juvenile Defender Center, Center for Children's Law and Policy, Coalition for Juvenile Justice, National Center for Youth Law, and Youth Law Center:**
Juvenile Law Center

Marsha Levick
  *Philadelphia, Pennsylvania*

Colorado Juvenile Defender Center
Kim Dvorchak
  *Denver, Colorado*

**JUSTICE EID** delivered the Opinion of the Court.
**JUSTICE GABRIEL** concurs in the judgment.

¶1 In 1995, a jury convicted Cheryl Armstrong of two counts of second-degree murder under a complicity theory. Armstrong was sixteen at the time of the charged offenses, and she was tried as an adult. The trial court sentenced her to forty-eight years in prison on each count, to be served consecutively, resulting in an aggregate sentence of ninety-six years in the custody of the Department of Corrections.

¶2 Following the U.S. Supreme Court's decision in <u>Graham v. Florida</u>, 560 U.S. 48 (2010), which categorically banned sentences of life without parole for juveniles who were not convicted of homicide, Armstrong filed a motion with the district court arguing that her aggregate term-of-years sentence is the functional equivalent of life without parole and is therefore unconstitutional under <u>Graham</u>. The district court denied Armstrong's motion. On appeal, the court of appeals affirmed, concluding that, because Armstrong will be eligible for parole at about age sixty, she has a meaningful opportunity to obtain release, and her sentence thereby complies with <u>Graham</u> and the subsequent case of <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012). <u>People v. Armstrong</u> (<u>Armstrong II</u>), No. 11CA2034, slip op. at 7, 21–23 (Colo. App. Oct. 17, 2013).

¶3 We granted certiorari and now affirm the court of appeals, albeit on different grounds. For reasons discussed at length in our lead companion case, <u>Lucero v. People</u>, 2017 CO 49, __ P.3d __, also announced today,[1] we hold that <u>Graham</u> and <u>Miller</u> do not apply to, and therefore do not invalidate, Armstrong's aggregate term-of-years sentence.

---

[1] We also decide <u>People v. Rainer</u>, 2017 CO 50, __ P.3d __, and <u>Estrada-Huerta v. People</u>, 2017 CO 52, __ P.3d __.

## I.

¶4    In April 1995, Armstrong drove two friends to the house of a former boyfriend who she believed was expecting a child with someone else.  Upon arriving, Armstrong parked the car and stayed inside.  Her friends got out and entered the house, where they shot and killed the former boyfriend and his pregnant female companion.  Armstrong was sixteen at the time of the offenses, but she was tried as an adult for her role.  A jury found that Armstrong was complicit in the murders and convicted her of two counts of second-degree murder.  The trial court sentenced Armstrong to consecutive forty-eight-year sentences for each count, resulting in an aggregate sentence of ninety-six years in the custody of the Department of Corrections.  The court of appeals affirmed Armstrong's convictions on direct appeal.  People v. Armstrong, No. 96CA0044 (Colo. App. Nov. 14, 1996).

¶5    In 2010, the U.S. Supreme Court held in Graham v. Florida, 560 U.S. 48 (2010), that the Eighth Amendment to the U.S. Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.  Subsequently, in 2011, Armstrong filed a motion for post-conviction relief in district court pursuant to Rule 35(c)[2] of the Colorado Rules of Criminal Procedure.  As relevant here, she argued that her ninety-six-year sentence violates the Eighth Amendment under Graham because it is a "virtual life sentence" and denies her a meaningful opportunity for release.  The district court denied the motion, and the court of appeals

---

[2] Rule 35(c) of the Colorado Rules of Criminal Procedure allows a defendant to challenge a conviction or sentence on constitutional grounds.  See Crim. P. 35(c)(2)(I).

4

affirmed, concluding that, because Armstrong will be eligible for parole at about age sixty, she has a meaningful opportunity to obtain release and her sentence thereby complies with Graham and Miller. Armstrong II, slip op. at 7, 21–23.

¶6 We granted certiorari[3] and now affirm the court of appeals, albeit on different grounds.

## II.

¶7 Armstrong, like the defendant in our lead companion case, Lucero v. People, 2017 CO 49, __ P.3d __, was not sentenced to life without the possibility of parole. Instead, she was sentenced to two consecutive sentences of forty-eight years for two separate convictions. As set forth in more detail in Lucero, we hold that Graham and Miller do not apply to, and therefore do not invalidate, Armstrong's aggregate term-of-years sentence.[4] Accordingly, we affirm the court of appeals.

**JUSTICE GABRIEL** concurs in the judgment.

---

[3] We granted certiorari to consider the following issues:

1. Whether the court of appeals erred by extending Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012), to invalidate a consecutive term-of-years sentence imposed on a juvenile convicted of multiple offenses.

2. Whether a conviction for second degree murder under a complicity theory is a non-homicide offense within the meaning of Graham v. Florida, 560 U.S. 48 (2010).

[4] Because we conclude that Graham and Miller do not apply to aggregate term-of-years sentences, we need not address the question of whether a conviction for second-degree murder under a complicity theory is a nonhomicide offense under those decisions.

JUSTICE GABRIEL, concurring in the judgment.

¶8 For the reasons set forth in my separate opinion in Lucero v. People, 2017 CO 49, ¶¶ 36–50, ___ P.3d ___ (Gabriel, J., concurring), I disagree with the majority's conclusion that the United States Supreme Court's opinions in Graham v. Florida, 560 U.S. 48 (2010), and Miller v. Alabama, 132 S. Ct. 2455 (2012), are limited to cases in which a juvenile offender receives the "specific sentence" of life without parole ("LWOP"). Maj. op. ¶ 7. I believe, instead, that Graham and Miller apply to de facto LWOP sentences.

¶9 I would further conclude, however, that even if, as Armstrong argues, a conviction of second degree murder under a complicity theory is a nonhomicide offense, she has not established that she, in fact, received a de facto LWOP sentence in this case. Specifically, the record reflects that Armstrong will be eligible for parole at about the age of sixty, which is within her natural life expectancy. Accordingly, under Graham, 560 U.S. at 75, the State has given Armstrong "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."

¶10 For these reasons, like the majority, I would affirm Armstrong's sentence, albeit on grounds different from those on which the majority relies. Accordingly, I respectfully concur in the judgment reached by the majority but not in its analysis of the issue presented.