JUSTICE EID
delivered the Opinion of the Court.
¶1 At age fifteen, Guy Lucero was charged with multiple offenses arising from a drive-by shooting in a neighborhood in Denver. He was charged and tried as an adult. At trial in 2006, two witnesses identified Lucero as one of the shooters, and the jury convicted him of conspiracy to commit first-degree murder, attempted first-degree murder, and two counts of second-degree assault. The trial court sentenced Lucero to consecutive term-of-years prison sentences for each count, aggravated as crimes of violence, resulting in an aggregate sentence of eighty-four years in the custody of the Department of Corrections. The court of appeals affirmed Lucero’s convictions and sentences on direct appeal.
¶2 In 2010, the U.S. Supreme Court held in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), that the Eighth Amendment to the U.S. Constitution prohibits the imposition of a life without parole sentence on a juvenile nonhomicide offender, concluding that states must “give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.” Subsequently, Luce-ro filed a motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure seeking reduction of his sentence. As relevant here, Lucero argued that his sentence must be reduced under Graham to meet constitutional standards, because an eighty-four-year sentence imposed on a juvenile carnes the same implications as a sentence of life without parole. The trial court denied the motion following a hearing.
¶3 Lucero appealed the trial court’s order, and the court of appeals affirmed. People v. Lucero (Lucero II), 2013 COA 53, ¶ 1, — P.3d —. Treating his claim as one under Rule 35(c), id. at ¶ 5, the court held that Lucero’s sentence was constitutional under both Graham and Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), reasoning that because Lucero would be eligible for parole at the age of fifty-seven, he has “ ‘a meaningful opportunity for release’ during his natural lifetime,” Lucero II, ¶ 12.
*1130 ¶4 We granted certiorari and now affirm the court of appeals.[1] Taking a different approach than the court of appeals, we hold that neither Graham nor Miller applies to an aggregate term-of-years sentence, which is the sentence Lucero challenges. In Graham, the U.S. Supreme Court held unconstitutional a life without parole sentence imposed on a juvenile for a single nonhomi-cide offense. 560 U.S. at 57, 82, 130 S.Ct. 2011. In Miller, the Court held that a sentence of “mandatory life without parole for those under the age of 18 at the time of their crimes” violates the Eighth Amendment. 132 S.Ct. at 2460. Life without parole is a specific sentence, distinct from sentences to terms of years. Lucero was not sentenced to life without parole. Rather, he received multiple term-of-years sentences for multiple convictions. Therefore, Graham and Miller are inapplicable to, and thus do not invalidate, Lucero’s aggregate sentence. We also reject Lucero’s argument that the court of appeals erred in treating his claim as one under Rule 35(c).
I.
¶5 In the early hours of June 25, 2005, Lucero, then fifteen years old, arrived at a birthday party his cousin was throwing for her brother. The party was at a house in a neighborhood in Denver. Upon arriving, Lucero asked his cousin for alcohol, but she refused to serve him. Lucero, a North Side Mafia gang member, then turned to another party attendee, D.H., a Bloods gang member, and, calling him a “slob” — a derogatory term used to describe Bloods members — demanded to know why he was allowed to drink. Lucero was either ordered to leave the party or left of his own accord. Before leaving, Lucero warned that he would return with his father, also a member of the North Side Mafia.
¶6 Lucero and his father did return. Once they were back at the party, Lucero’s father lured D.H. out of the house. When D.H. walked outside, a car drove by, firing shots. Four people were shot and sustained nonfatal injuries. D.H. was not among those shot.
¶7 Lucero was charged with three counts of criminal attempt to commit first-degree murder, one count of first-degree assault, two counts of second-degree assault, and three counts of crime of violence in connection with the shooting, and he was tried as an adult. The complaint was later amended to add a charge of conspiracy to commit first-degree murder. At trial in 2006 two witnesses identified Lucero as one of the shooters, and the jury convicted him of conspiracy to commit first-degree murder, attempted first-degree murder, and two counts of second-degree assault. The trial court sentenced him to term-of-years sentences for each count, aggravated as crimes of violence, to be served consecutively. Thus, Lucero received an aggregate sentence of eighty-four years in the custody of the Department of Corrections — thirty-two years each for the conspiracy and attempt charges, and ten years for each of the assault charges. The court of appeals affirmed Lucero’s convictions and sentences on direct appeal. People v. Lucero, No. 07CA0774, slip op. at 1, 2009 WL 1915113 (Colo. App. July 2, 2009).
¶8 In July 2010, Lucero filed a motion for sentence reduction pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure.[2] Lucero presented details of his difficult childhood, his mental health history, and a psychological evaluation in support of his motion. He also argued that, under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), his aggregate sentence was the equivalent of a sentence of life without parole.
¶9 The trial court granted Lucero’s request for a hearing on the motion. At the hearing, which proceeded by offer of proof, Lucero’s counsel urged the court to consider Graham and argued that Lucero would die in prison before any meaningful opportunity for *1131 release. The court ultimately denied Lucero’s motion. In a written order, the court acknowledged Lucero’s age at the time of his offenses, but concluded that the court had taken Lucero’s youth into “significant consideration” at the time of sentencing, and the sentences were appropriate due to the nature of the crimes and the court’s reservations about whether Lucero had accepted full responsibility for his acts.
¶10 Lucero appealed, and the court of appeals affirmed the order. Lucero II, ¶ 1. First, the court of appeals noted the People’s argument that Lucero’s claim is unreviewable under Rule 35(b), but it declined to rule on the issue. Id. at ¶ 5. Instead, the court found review available under Rule 35(c)(2)(I), which allows for post-conviction review where a defendant alleges that a conviction or sentence violates the U.S. Constitution.[3] Id. Second, the court rejected Lucero’s contention that his aggregate sentence constitutes cruel and unusual punishment and thus violates the Eighth Amendment under Graham and Miller. Id. at ¶ 1. The court found that Lucero has a “meaningful opportunity for release” because he will be eligible for parole at age fifty-seven, and the natural life expectancy of a person born the year of Lucero’s birth is seventy-five years. Id. at ¶¶ 12-13.
¶11 Lucero petitioned this court to review the court of appeals’ holding on the merits as well as its treatment of his Rule 35(b) appeal as a Rule 35(c) appeal. We granted certiora-ri.[4] We now hold that Graham and Miller do not apply to consecutive term-of-years sentences imposed for multiple convictions. Whereas the court of appeals upheld Luce-ro’s sentence on the grounds that it complies with Graham by providing a “meaningful opportunity for release,” we conclude that Graham and Miller do not apply to, and therefore do not invalidate, Lucero’s aggregate term-of-years sentence. We also hold that the court of appeals did not err when it treated his claim as one under Rule 35(e). Accordingly, we affirm the court of appeals.
II.
¶12 First, we consider whether Graham and Miller apply to aggregate term-of-years sentences and conclude that they do not.[5] We then address whether the court of appeals erred in treating Lucero’s claim as one under Rule 35(c), and conclude that it did not.
A.
¶13 Lucero’s claim that his sentence is unconstitutional under Graham and Miller is a constitutional challenge, which we review de novo. Villanueva v. People, 199 P.3d 1228, 1231 (Colo. 2008).
¶14 Lucero argues that Graham and Miller apply to his aggregate sentence, both because eighty-four years is effectively a sentence of life without parole, and because the *1132 reasoning of the two eases must extend beyond the sentence of life without parole to govern lengthy, consecutive term-of-years sentences as well. We disagree.
¶15 Graham and Miller apply only where a juvenile is sentenced to the specific sentence of life without the possibility of parole for one offense. See Graham, 560 U.S. at 57, 63, 130 S.Ct. 2011; Miller, 132 S.Ct. at 2461-63; see also Jackson v. State, 359 Ark. 87, 194 S.W.3d 757, 759 (2004) (showing that Jackson, one of the two petitioners in Miller, was sentenced to life in prison on a capital murder conviction). In Graham, the petitioner had been sentenced by a Florida court to life imprisonment on a charge of armed burglary and to fifteen years on a charge of attempted armed robbery, offenses he committed at age sixteen, after he admitted to violating conditions of his probation, 560 U.S. at 53-57, 130 5.Ct. 2011. Because Florida had abolished its parole system, the life sentence was a sentence of life without the possibility of parole. Id. at 57, 130 S.Ct. 2011.
¶16 The U.S. Supreme Court in Graham first concluded that the sentence of life without parole is “a particular type of sentence” and juveniles “an entire class of offenders.” Id. at 61, 130 S.Ct. 2011. Accordingly, the Court followed a line of Eighth Amendment precedent barring certain punishments for groups of offenders, id. at 60-62, 130 S.Ct. 2011, and established a categorical rule that, “for a juvenile offender who did not commit homicide[,] the Eighth Amendment forbids the sentence of life without parole,”[6] id. at 74, 130 S.Ct. 2011. To reach its decision, the Court examined “objective indicia of national consensus.” Id. at 62, 130, S.Ct. 2011. Citing its own research and a 2009 study that showed only 109 juveniles nationwide serving life without parole sentences solely for non-homicide offenses, the Court found a national consensus against the sentencing practice. Id. at 62-67, 130 S.Ct. 2011 (citing Paolo G. Annino, David W, Rasmussen & Chelsea Boehme Rice, Juvenile Life without Parole for Non-Homicide Offenses: Florida Compared to Nation 2 (Sept. 14, 2009) [hereinafter “Annino Study”]).
¶17 The Court then considered the culpability of the class of offenders and the severity of a life without parole sentence. Id. at 67, 130 S.Ct. 2011. Reasoning that juveniles as a group are less mature, more vulnerable to peer pressure, and more capable of change than adults, the Court concluded that none of the recognized goals of penal sanctions justifies imposing “the second most severe penalty permitted by law,” a sentence of life without the possibility of parole, on juvenile nonhomicide offenders. Id. at 68-74, 130 S.Ct. 2011. Thus, the Court ruled the sentencing practice unconstitutional. It limited its holding, however, by declaring that, while states must “give defendants like Graham some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation,” the Eighth Amendment “does not require [a] State to release [a juvenile] offender during his natural life” or to “guarantee eventual freedom.” Id. at 75, 130 S.Ct. 2011.
¶18 In Miller, the U.S. Supreme Court held that “the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.” 132 S.Ct. at 2469. The petitioners in Miller had been convicted as juveniles of crimes for which the mandatory minimum punishment was life imprisonment without parole. Id. at 2461-63. Citing much of its reasoning in Graham on juveniles’ lessened culpability, the Court ruled that “a judge or jury must have the opportunity to consider mitigating circumstances” such as age before sentencing a juvenile to life without parole. Id. at 2464-68, 2475. The Court did not categorically ban life sentences for juveniles with the possibility of parole, or life without parole where the sentencing authority considered an offender’s youth and attendant circumstances. Id. at 2469, 2471, 2474-75.
¶19 Lucero, unlike the petitioners in Graham and Miller, did not receive a sentence of life without the possibility of parole. Rather, he received four consecutive sentences to *1133 terms of years for four separate convictions. Colorado has a parole system, and the parties agree that Lucero will be eligible for parole when he is fifty-seven. Thus, the eighty-four-year sentence Lucero now challenges is an aggregate term-of-years sentence. Multiple sentences imposed for multiple offenses do not become a sentence of life without parole, even though they may result in a lengthy term of incarceration. Life without parole is a specific sentence, imposed as punishment for a single crime, which remains distinct from aggregate term-of-years sentences resulting from multiple convictions.
¶20 Neither Graham nor Miller concerns or even considers aggregate term-of-years sentences. In both cases, the Court was assessing the proportionality of a single life without parole sentence imposed for a single conviction. See Graham, 560 U.S. at 57, 63, 130 S.Ct. 2011; Miller, 132 S.Ct. at 2461-63; see also Jackson, 194 S.W.3d at 759. The opinions refer repeatedly and unambiguously to the sentence of life without parole. In Graham, the Court categorically barred the “particular” sentence of life without parole for juvenile nonhomicide offenders, saying nothing about consecutive or aggregate sentences. See 560 U.S. 48, 130 S.Ct. 2011; id. at 124, 130 S.Ct. 2011 (Alito, J., dissenting) (“Nothing in the Court’s opinion affects the imposition of a sentence to a term of years without the possibility of parole.”). The study the Court cited counted only juvenile nonho-micide offenders serving the specific sentence of life without parole, see Annino Study at 1, and the Court explained that Graham similarly concerned “only those juvenile offenders sentenced to life without parole solely for a nonhomicide offense.” Graham, 560 U.S. at 63, 130 S.Ct. 2011. Furthermore, neither the study nor the Court listed Colorado as a state in which a juvenile was serving such a sentence, despite the fact that Lucero was serving the sentence he now challenges at the time Graham was decided. See id. at 64-65, 130 S.Ct. 2011; see also Annino Study at 1-2, 14 (Table A). Graham therefore cannot properly be expanded to apply to Lucero’s aggregate term-of-years sentence.
¶21 Miller likewise speaks only of the sentence of life without parole, calling it a “particular penalty.” 132 S.Ct. at 2471. In its analysis, the Court distinguished the mandatory sentencing schemes at issue in Miller from the impliedly constitutional alternatives whereby “a judge or jury could choose, rather than a life-without-parole sentence, a lifetime prison term with the possibility of parole or a lengthy term of years.” Id. at 2469, 2474-75. This distinction indicates that, contrary to what Lucero argues, the analysis in Miller is limited to the sentence at issue in that ease, mandatory life without parole, and does not extend to lengthy aggregate sentences or life sentences with the possibility of parole. Because Lucero was sentenced to consecutive terms of years, not mandatory life without parole, Miller does not apply to Lucero’s sentence and thus cannot render it unconstitutional.
¶22 As support for his argument that the reasoning, if not the precise holdings, of Graham and Miller applies to and invalidates his lengthy aggregate term-of-years sentence, Lucero points out that courts have come to different conclusions on the question. As our analysis above demonstrates, however, we believe that Graham and Miller do not apply as broadly as Lucero suggests, and we thus disagree with those courts that'have concluded that they do.
¶23 Finally, we note that our decision today is supported by our reasoning in Close v. People, 48 P.3d 528 (Colo. 2002). In Close, we held that “a separate [Eighth Amendment] proportionality review must be completed for each sentence imposed consecutively, rather than considering the cumulative total of such consecutive sentences.” Id. at 532. We reasoned that, because each sentence is a separate punishment for a separate offense, the proper question on review is whether a sentence is constitutionally disproportionate to the offense for which it was imposed. Id. at 538-40. If we were to consider instead the aggregate sentence, as Lucero argues we must, “the result would be the possibility that a defendant could generate an Eighth Amendment disproportionality claim simply because that defendant had engaged in repeated criminal activity.” Id. at 539. We *1134 find this reasoning equally informative here. The question of whether Lucero’s consecutive term-of-years sentences meet the dictates of the Eighth Amendment’s proportionality principle requires consideration of each individual crime and each sentence imposed.
¶24 For these reasons, we affirm the court of appeals’ conclusion that Lucero’s sentence is consistent with the Eighth Amendment, although on different grounds.[7]
B.
¶25 Lucero also argues that the court of appeals erred in treating his appeal of his Rule 35(b) motion for a reduction of sentence as an appeal of a Rule 35(c) motion challenging the constitutionality of his sentence. We find no merit in this argument.
¶26 Lucero argues that by sua sponte “converting” his Rule 35(b) motion to a Rule 35(c) motion, the court of appeals violated the principle of “party presentation,” under which courts “rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.” Greenlaw v. United States, 554 U.S. 237, 243, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008). This principle, however, does not prevent a court from properly characterizing an issue that has been improperly characterized by a party. Here, as discussed above, Lucero argues that his aggregate term-of-years sentence violates the Eighth Amendment under Graham and Miller. Indisputably, this constitutes a claim that his sentence is unconstitutional, which properly falls under Rule 35(c). See Crim. P. 35(c)(2)(I) (“Such an application for postconviction review must, in good faith, allege ... [t]hat the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state.”) (Emphasis added). We therefore conclude that the court of appeals did not err in treating Lucero’s claim as one under Rule 35(c).
¶27 Lucero makes two additional arguments, neither of which is persuasive.
¶28 First, Lucero’s concern appears to be that considering his Graham/Miller claim under Rule 35(c) will have consequences for another Rule 35(c) motion he has pending in the district court.[8] We find that consideration of the consequences, if any, this case might have on that motion would be premature, and therefore we do not further address the issue.
¶29 Next, Lucero claims that if his Graham/Miller claim is treated as one under Rule 35(c), he should be entitled to a new hearing. This argument ignores the fact that he had a hearing, which proceeded by offer of proof. At the hearing, Lucero’s counsel urged the court to consider Graham and argued that Lucero would die in prison before any meaningful opportunity for release. The court ultimately denied Lucero’s motion. In a written order the court acknowledged Lucero’s age at the time of his offenses, but concluded that the court had taken Lucero’s youth into “significant consideration” at the time of sentencing, and the sentences were appropriate due to the nature of the crimes and the court’s reservations about whether Lucero had accepted full responsibility for his acts. There is no merit to his claim that he is entitled to another hearing.
¶30 In sum, we conclude that the court of appeals did not err in treating Lucero’s Graham/Miller claim as one under Rule 35(c).
III.
¶31 We hold that Graham and Miller do not apply to aggregate term-of-years sentences imposed on juvenile offenders convicted of multiple offenses. We further hold that the court of appeals did not err in treating Lucero’s claim as one under Rule 35(c). Accordingly, we affirm the court of appeals.
JUSTICE GABRIEL concurs in the judgment.

. Today we also decide the companion cases of People v. Rainer, 2017 CO 50, 394 P.3d 1141, Armstrong v. People, 2017 CO 51, 395 P.3d 748, and Estrada-Huerta v. People, 2017 CO 52, 394 P.3d 1139.

. Rule 35(b) authorizes the court to reduce a sentence upon the timely filing of a proper motion for reduction. See Crim. P. 35(b).

. Rule 35(c)(2)(I) of the Colorado Rules of Criminal Procedure states:
[Elvery person convicted of a crime is entitled as a matter of right to make application for postconviction review upon the grounds hereinafter set forth. Such an application for postT conviction review must, in good faith, allege ... [tjhat the conviction was obtained or sentence imposed in violation of the Constitution or laws of the United States or the constitution or laws of this state,

. We granted certiorari to consider the following issues:
1.Whether the court of appeals erred by extending Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), and Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), to invalidate a consecutive term-of-years sentence imposed on a juvenile convicted of multiple offenses.
2. Whether a conviction for attempted murder is a non-homicide offense within the meaning of Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).
3. Whether the court of appeals exceeded its authority and violated the principle of party presentation by sua sponte treating the appeal of a properly filed Rule 35(b) motion as if it were an appeal of a Rule 35(c) motion.

. Senate Bills 16-180 and 16-181, signed into' law June 2016, do not affect our holding. Senate Bill 16-180 creates a specialized program that allows eligible juvenile offenders convicted as adults to obtain early release, and Senate Bill 16-181 applies primarily to juveniles convicted of first-degree murder. See S.B. 16-180, 16-181, 70th Gen. Assemb., Reg. Sess. (Colo. 2016).

. A "juvenile" is anyone under the age of eighteen when the offense at issue was committed. Graham, 560 U.S. at 74-75, 130 S.Ct. 2011.

. Because we conclude that Graham and Miller do not apply to aggregate term-of-years sentences, we need not address the question of whether attempted murder is a nonhomicide offense under those decisions.

. Lucero filed a Rule 35(c) motion in die district court after the court of appeals affirmed his sentence. According to Lucero, his pending motion raises claims of ineffective assistance of counsel and a claim that his "life imprisonment without parole sentence” is unconstitutional.