*1140 JUSTICE EID
delivered the Opinion of the Court.
¶1 In 2006, a jury convicted Alejandro Estrada-Huerta of second-degree kidnapping and sexual assault. Estrada-Huerta was seventeen at the time he was charged with the offenses, and he was tried as an adult. The trial court sentenced Estrada-Huerta to twenty-four years for the kidnapping conviction and sixteen years to life for each count of sexual assault. The sexual assault sentences were ordered to run concurrently with each other but consecutive to the kidnapping sentence, resulting in an aggregate sentence of forty years to life in the custody of the Department of Corrections,
¶2 Following the U.S. Supreme Court’s decision in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which categorically banned sentences of life without parole for juveniles who were not convicted of homicide, Estrada-Huerta filed a motion with the district court arguing that his aggregate term-of-years sentence is the functional equivalent of life without parole and is therefore unconstitutional under Graham. The district court denied Estrada-Huerta’s motion. On appeal, the court of appeals affirmed, concluding that, because Estrada-Huerta will be eligible for parole at age fifty-eight, he has a meaningful opportunity to obtain release, and his sentence thereby complies with Graham and the subsequent case of Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). People v. Estrada-Huerta (Estrada-Huerta II), No. 11CA1932, slip op. at 8, 2013 WL 6512698 (Colo. App. Dec. 12, 2013).
¶3 We granted certiorari and now affirm the court of appeals, albeit on different grounds. For reasons discussed at length in our lead companion case, Lucero v. People, 2017 CO 49, 394 P.3d 1128, also announced today,[1] we hold that Graham and Miller do not apply to, and therefore do not invalidate, Estrada-Huerta’s aggregate term-of-years sentence.
I.
¶4 In 2004, when he was seventeen, Estrada-Huerta and several companions forced a fifteen-year-old into a truck, drove elsewhere, and sexually assaulted her. They then forced the victim into another vehicle, where she was sexually assaulted again. Estrada-Huerta was charged with two counts of second-degree kidnapping, three counts of sexual assault, unlawful sexual contact, and false imprisonment, and he was prosecuted as an adult. The latter two counts were dropped before trial, and a jury found Estrada-Huerta guilty of the remaining counts of second-degree kidnapping and sexual assault. After several counts were merged, the trial court in 2006 sentenced him to twenty-four years for kidnapping and sixteen years to life for each of two counts of sexual assault, which were ordered to run concurrently with each other but consecutive to the kidnapping sentence. Thus, Estrada-Huerta received an aggregate sentence of forty years to life in the custody of the Department of Corrections. The court of appeals affirmed Estrada-Huerta’s convictions and sentences on direct appeal. People v. Estrada-Huerta, No. 06CA1814, 2008 WL 962908 (Colo. App. Apr. 10, 2008).
¶5 In 2010, the U.S. Supreme Court decided Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011 (2010), holding that the Eighth Amendment to the U.S. Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. Estrada-Huerta subsequently filed a motion for post-conviction relief in district court pursuant to Rule 35(c)[2] of the Colorado Rules of Criminal Procedure. In pertinent part, he argued that his aggregate sentence is unconstitutional under Graham because it is effectively a sentence of life without parole and denies him a meaningful opportunity for release. The district court denied the motion.
¶6 Estrada-Huerta appealed, and the court of appeals affirmed the district court. The court of appeals first declared that a juvenile *1141 offender’s sentence violates Graham if that offender will not become eligible for parole within his or her expected lifetime. Estrada-Huerta II, slip op. at 3. The court then determined that Estrada-Huerta’s life expectancy is 78.1 years, using a mortality table found in a statute which has since been repealed, see § 13-25-103, C.R.S. (2013) (repeal effective 2014). Estrada-Huerta II, slip op. at 4. Because he will be eligible for parole after serving forty years, when he is fifty-eight, the court found that Estrada-Huerta will be eligible for parole within his life expectancy. Id. The court thus concluded that Estrada-Huerta’s sentence provides him with a meaningful opportunity to obtain release and does not violate Graham and Miller.
¶7 We granted certiorari[3] and now affirm the court of appeals, albeit on different grounds.
II.
118 Estrada-Huerta, like the defendant in our lead companion ease, Lucero v. People, 2017 CO 49, 394 P.3d 1128, was not sentenced to life without the possibility of parole. Instead, he was sentenced to consecutive terms of years for three separate convictions. As set forth in more detail in Lucero, we hold that Graham and Miller do not apply to, and therefore do not invalidate, Estrada-Huerta’s aggregate term-of-years sentence. Accordingly, we affirm the court of appeals.
JUSTICE GABRIEL concurs in the judgment.

. We also decide People v. Rainer, 2017 CO 50, 394 P.3d 1141, and Armstrong v. People, 2017 CO 51, 395 P.3d 748.

. Rule 35(c) of the Colorado Rules of Criminal Procedure allows a defendant to challenge a conviction or sentence on constitutional grounds. See Crim. P. 35(c)(2)(I).

. We granted certiorari to consider the following issue:
Whether the court of appeals erred by extending Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011 (2010), and Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455 (2012), to invalidate a consecutive term-of-years sentence imposed on a juvenile convicted of multiple offenses.