JUSTICE GABRIEL,
concurring in the judgment.
¶9 For the reasons set forth in my separate opinion in Lucero v. People, 2017 CO 49, ¶¶ 36-50, 394 P.3d 1128 (Gabriel, J., concurring), I disagree with the majority’s conclusion that the United States Supreme Court’s opinions in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011 (2010), and Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455 (2012), are limited to eases in which a juvenile offender receives the “specific sentence” of life without parole (“LWOP”). Maj. op. ¶ 8. I believe, instead, that Graham and Miller apply to de facto LWOP sentences.
¶10 I would further conclude, however, that on the record before us, Estrada-Huerta has not established that he, in fact, received a de facto LWOP sentence in this case. Specifically, the record reflects that Estrada-Huerta will be eligible for parole at the age of fifty-eight, which is within his natural life expectancy. Accordingly, under Graham, 560 U.S. at 75, 130 S.Ct. 2011, the State has given Estrada-Huerta “some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.”
¶11 For these reasons, like the majority, I would affirm Estrada-Huerta’s sentence, albeit on grounds different from those on which the majority relies. Accordingly, I respectfully concur in the judgment reached by the majority but not in its analysis of the issue presented.