JUSTICE GABRIEL,
concurring in the judgment.
¶8 For the reasons set forth in my separate opinion in Lucero v. People, 2017 CO 49, ¶¶ 36-50, 394 P.3d 1128 (Gabriel, J., concurring), I disagree with the majority’s conclusion that the United States Supreme Court’s opinions in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011 (2010), and Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455 (2012), are limited to cases in which a juvenile offender receives the “specific sentence” of life without parole (“LWOP”), Maj. op. ¶ 7. I believe, instead, that Graham and Miller apply to de facto LWOP sentences.
¶9 I would further conclude, however, that even if, as Armstrong argues, a conviction of second degree murder under a complicity theory is a nonhomicide offense, she has not established that she, in fact, received a de facto LWOP sentence in this case. Specifically, the record reflects that Armstrong will be eligible for parole at about the age of sixty, which is within her natural life expectancy. Accordingly, under Graham, 560 U.S. at 75, 130 S.Ct. 2011, the State has given Armstrong “some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.”
*751 ¶10 For these reasons, like the majority, I would affirm Armstrong’s sentence, albeit on grounds different from those on which the majority relies. .Accordingly, I respectfully concur in the judgment reached by the majority but not in its analysis of the issue presented.