23CA1843 Peo v Anderson 01-02-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1843
Arapahoe County District Court No. 90CR171
Honorable LaQunya Baker, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Brian Anderson,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE YUN
Kuhn and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 2, 2025

Philip J. Weiser, Attorney General, Alejandro Sorg Gonzalez, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Brian Anderson, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Defendant, Brian Anderson, appeals the postconviction court's order denying his August 4, 2023, petition for postconviction relief pursuant to Crim. P. 35(c).  Because his petition was filed almost thirty-one years after his conviction became final and was therefore time barred, we affirm.

## I.    Background

¶ 2    Anderson robbed a fast-food restaurant at gunpoint, took its manager hostage, stole the manager's car, and shot the manager in the head a few miles away from the restaurant.  Fortunately, the manager survived.  Two days later, Anderson was arrested in Nebraska after he tried to flee from a state trooper during a high-speed chase in the same stolen car.

¶ 3    In 1990, Anderson was convicted of several crimes related to the robbery, kidnapping, and shooting in Colorado.  *See People v. Anderson*, slip op. at 1 (Colo. App. No. 91CA0029, June 25, 1992) (not published pursuant to C.A.R. 35(f)).  A division of this court affirmed the judgment and sentence on direct appeal.  *Id.*  In doing so, the division rejected Anderson's claim that the trial court erred by admitting evidence of his arrest in Nebraska (the Nebraska

1

evidence) under the res gestae doctrine. *Id.* at 3-5. The appellate mandate was issued on December 29, 1992.

¶ 4　　Anderson then filed several unsuccessful postconviction motions and accompanying appeals. *See People v. Anderson,* (Colo. App. No. 17CA1349, Mar. 29, 2018) (not published pursuant to C.A.R. 35(e)); *People v. Anderson,* (Colo. App. No. 10CA0455, July 14, 2011) (not published pursuant to C.A.R. 35(f)); *People v. Anderson,* (Colo. App. No. 05CA2668, July 12, 2007) (not published pursuant to C.A.R. 35(f)); *People v. Anderson,* (Colo. App. No. 04CA1603, Sept. 1, 2005) (not published pursuant to C.A.R. 35(f)).

¶ 5　　In 2022, Anderson filed a motion titled "Motion for Appointment of Counsel[] Based on New Colorado Supreme Court Ruling Abolishing Res Gestae." Among other things, he sought the appointment of counsel to challenge his conviction in light of the supreme court's abolishment of the res gestae doctrine in *Rojas v. People,* 2022 CO 8. The postconviction court construed Anderson's motion as a Crim. P. 35(c) motion and summarily denied it. Anderson appealed the order.

¶ 6    A division of this court reversed the portion of the postconviction court's order addressing Anderson's *Rojas*-based claim on the merits. The division stated that the court had "erred by converting Anderson's motion for appointment of counsel into a substantive Crim. P. 35(c) motion for postconviction relief and addressing the merits of the claim for which Anderson sought legal representation." *People v. Anderson,* slip op. at 3 (Colo. App. No. 22CA0912, June 1, 2023) (not published pursuant to C.A.R. 35(e)). The division dismissed the portion of the appeal challenging the court's denial of Anderson's request for counsel, concluding that the court of appeals lacked jurisdiction to review it because an order denying such a motion is not final and appealable. *Id.* at 4-5.

¶ 7    In August 2023, Anderson filed the instant Crim. P. 35(c) motion. Although it was filed nearly thirty-one years after his conviction became final, Anderson checked a box indicating that the motion was filed within the applicable three-year time limitation set forth in section 16-5-402(1), C.R.S. 2024. As we understand his argument, he asserted that his motion was timely because *Rojas* was announced in 2022. He further asserted that he was entitled to relief because "[s]econd courts must give retroactive effect to new

watershed rules of criminal procedure implicating the fundamental fairness [and] accuracy of the criminal proceeding."

¶ 8  The postconviction court denied the motion without a hearing. The court acknowledged the three-year time limitation for collateral attacks on non-class-1 felonies and the possibility that this time limitation "does not apply if the [d]efendant's claim is based on a new rule of constitutional law that was previously unavailable, if that rule should be applied retroactively to cases on collateral review." The court then concluded that although the abolishment of the res gestae doctrine in *Rojas* was a new rule of criminal procedure, it did not apply retroactively because it was neither a "new substantive rule of constitutional law" nor "a 'watershed' rule of criminal procedure."

¶ 9  Anderson now appeals the denial of his August 2023 motion.

## II.  Standard of Review

¶ 10  We review de novo a postconviction court's decision to summarily deny a Crim. P. 35(c) motion. *People v. Cali*, 2020 CO 20, ¶ 14.

### III. Claims Not Properly Before Us

¶ 11     Anderson asserts that the admission of res gestae evidence in his case would have been "procedurally" and "constitutionally correct" if it had not been "integrated with two elements" — namely, (1) exculpatory evidence and (2) United States and Nebraska Constitutional violations. He lists several items of allegedly exculpatory evidence and claims that the admission of the Nebraska evidence was unconstitutional under the United States and Nebraska Constitutions. He further appears to claim that (1) the state of Nebraska violated his Sixth Amendment rights by refusing to appoint counsel for his criminal charges there; (2) the opinions of the prosecution's handwriting expert were based on improper, unethical procedures; and (3) certain photographic line-ups were improperly suggestive.

¶ 12     However, Anderson did not make any of these assertions in the postconviction motion currently under review. Accordingly, we decline to address them. *See People v. Osorio,* 170 P.3d 796, 801 (Colo. App. 2007) (allegations not raised in a Crim. P. 35(c) motion are not properly before the appellate court).

## IV. Anderson's *Rojas*-Based Claim is Time Barred

¶ 13    Anderson reasserts, albeit in conclusory fashion, his claim that "[s]econd courts must give retroactive effect to new watershed rules of criminal procedure implicating the fundamental fairness [and] accuracy of the criminal proceeding." Like the postconviction court, we construe this as a claim that the supreme court's abolishment of the res gestae doctrine in *Rojas* must be applied retroactively to invalidate Anderson's convictions.

¶ 14    However, as the postconviction court noted, a collateral attack under Crim. P. 35(c) must be timely. Anderson's motion was time barred because it was filed more than three years after the mandate was issued in his direct appeal. *See* § 16-5-402(1) (establishing a three-year limitations period for collateral attacks on non-class-1 felonies); *Hunsaker v. People*, 2021 CO 83, ¶¶ 22, 26 (reaffirming the notion that the three-year limitations period for collateral attack starts running once a defendant's direct appeal has been exhausted).

¶ 15    A claim that is otherwise time barred may be asserted if it is based on a new rule of constitutional law that applies retroactively. *See* § 16-5-402(2)(d); *People v. Rainer*, 2013 COA 51, ¶¶ 24-29,

6

*rev'd on other grounds*, 2017 CO 50.  In the context of a new constitutional rule of criminal procedure, such a rule will apply retroactively only if it is either (1) substantive in nature or (2) a "watershed" procedural rule that implicates the fundamental fairness and accuracy of the criminal proceeding.  *Teague v. Lane*, 489 U.S. 288, 310 (1989); *Edwards v. People*, 129 P.3d 977, 983 (Colo. 2006) (adopting the *Teague* test to determine whether constitutional rules of criminal procedure apply retroactively to cases on collateral review).

¶ 16    Although the postconviction court analyzed the exceptions to the general rule of nonretroactivity of new constitutional rules of criminal procedure to convictions that were final when the new rule was announced, *see, e.g., Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016), we do not need to reach the question of retroactivity. This is so because, despite any change *Rojas* brought to the admission of other act evidence, "*Rojas* did not implicate a constitutional rule" at all.  *People v. Cooper*, 2023 COA 113, ¶ 11. Thus, the exception to the time bar set forth in section 16-5-402(2)(d) does not apply.

¶ 17    Accordingly, we affirm the order denying postconviction relief, albeit on a slightly different basis. *See People v. Vondra,* 240 P.3d 493, 494 (Colo. App. 2010).

## V.    Disposition

¶ 18    The order is affirmed.

JUDGE KUHN and JUDGE BERGER concur.